Scott, J.
The original action was brought by plaintiff below to recover of defendant below, on a quantum meruit, for the value of services rendered by plaintiff’s testator as an attorney for defendant in a certain action pending against him in said testator’s lifetime, and which remained untried at testator’s death.
It is shown by the record that on the trial of the cause the plaintiff called one W. T. Forrest as a witness, who testified as follows:
“I am a practicing attorney at this bar. I have knowledge of Alexander Todd, deceased, acting as attorney for the defendant, F. B. Williams, in case No. 27,190 in this court. I was the original attorney of record for Williams in that case. The case was one of importance. It was a family difficulty. About $27,000 was sued for. Todd came into the case after I had filed the answer for Williams. Todd thought I ought to have pleaded the statute of limitations, which, as he advised, we did as an amended answer. This defense was, however, abandoned before trial, and Todd occupied one or two days arguing his motion for leave to file this answer. It was a short one, and occupied but a few lines, and was drawn up by Todd. Collins & Herron were the lawyers on the side of plaintiff and against us. Before the case came on for trial Todd died and Judge Caldwell came into the case in his place. Judge Caldwell and my partner, Judge Warden, tried the case, and the verdict was about $7,000. It was afterward tried a second time by myself and Judge Caldwell, and a verdict of about $136 was had. Todd was- present at the *549 taking of depositions in the case in my office. He assisted in the taking of the depositions of Mrs. Murdock and of Mrs. Gilpin. There were other depositions taken; I do not remember whether Todd was present. It was a case involving a great deal of feeling, and 'Williams’ character as an honest man was involved. His brothers and sisters charged him with having kept money belonging to his mother’s estate, and appropriating it to his own use. Williams paid my partner, Judge Warden, $100, and I charged him $150 for the second trial. I had a disagreement with Williams before the second trial, and went out of the case, and told him I would not charge anything for what I had done, but Judge Caldwell told me that if I did not go on with the case he would leave it too, so I finally went on. Caldwell settled with Williams for $150, and it trammeled me, otherwise I would have charged him more. I thought it at least worth $1,000. The trial of the case was a heavy and protracted one. Mr. Todd was in the case for about a year, and his services were worth $500. The plaintiff’s counsel then asked the witness the following question: ‘ State what you know of Mr. Todd’s standing at the bar at the time you knew him.’ To which question defendant’s counsel objected, but the court overruled the objection, and directed the witness to answer, and the defendant’s counsel excepted, and the witness answered : ‘ It was good. He was not a showy man, but a good lawyer.’ ”
“The plaintiff’s counsel next produced D. T. Wright, who testified he was also a member of this bar; that he knew Mr. Todd in his lifetime. The plaintiff’s counsel then asked witness what was Mr. Todd’s standing at the bar. To which question defendant’s counsel excepted, and the court directed witness to answer; who said in answer that Mr. Todd’s standing at this bar was excellent. The plaintiff’s counsel then asked the witness the following hypothetical question: ‘ Suppose a lawyer should be employed in a case involving some $30,000 or $35,000, should draw up and file an answer setting up the statute of limitations; *550 should attend two or three days in taking depositions in the case; should be occupied two or three days in arguing a motion for leave to file such answer ; should attend to the case for a year — the case being one involving a great deal of feeling and involving the defendant’s character for honesty — what would his services be worth ? To which question the defendant’s counsel objected, but the court directed the witness to answer, to which ruling defendant’s counsel excepted, and the witness answered that he thought such service would be worth $500. The witness was then asked by plaintiff’s counsel the following question : 4 From what you know of the case, what do you think would be a fair amount for Todd’s services ?’ To which question defendant’s counsel objected, but court overruled said objection, and directed the witness to answer, who then answered he thought about $500 would be a fair compensation. The plaintiff’s counsel then asked the witness what would have been a reasonable retainer-fee in the hypothetical ease above put ? And he answered he thought about $100 would be reasonable. On cross-examination witness was asked by defendant’s counsel, the following hypothetical question : 4 Suppose a lawyer should be employed in a case involving about $27,000; should draw up and file an answer setting up the statute of limitations in a few lines, which answer should afterward be abandoned in the case; should attend one-half day in taking depositions in the ease; should be occupied a day or two in an argument in court for leave to file such answer; and should die before the case came to trial, what would his services be reasonably worth ?’ To which question witness answered he could not tell. The next witness produced by the plaintiff was Henry Snow, who testified, I am a member of this bar over twenty years. I knew Alexander Todd in his lifetime. The same question as to Todd’s standing at the bar was asked this witness, as was asked the last witness by plaintiff’s counsel; the same answer was given, and the same objection made by defendant’s counsel, and the same ruling by the court, and the same exception taken. The plaintiff’s counsel *551 then put the same hypothetical case as to services by an attorney to this witness, that he put to the last witness, and the same objections were made by defendant’s counsel, the same ruling was had by the court, and exceptions taken by defendant’s counsel, and witness then answered that $300 would be the lowest reasonable compensatio n for such services. On cross-examination the witness said the employment of an attorney in a case, where no agreement was made to the contrary, was an employment to attend to the case until its final termination. The defendant’s attorney then put the same hypothetical case to this witness, as by him put to the last one, and had the following answer: ‘If a man came to me to file such an answer I might not charge him anything, or I might charge him $5 or $10. Eor the whole of such services, 1 think $45 or $50 enough pay.’ And thereupon the plaintiff rested his case without further testimony.”
The only evidence offered by plaintiff below, tending to show the character and extent of the services rendered by his testator, Todd, was that of the witness Forrest. Defendant subsequently showed by the uncontradicted testimony of the notary before whom all the depositions had been taken, that Todd had assisted but a half day in the taking of them.
The witnesses Wright and Snow were called by the plaintiff as practicing attorneys, and therefore experts, to give their opinions as to the value of certain legal services claimed to have been rendered by Todd for the defendant.
If they had no knowlege of the nature and amount of the services actually rendered, still their opinion on the question of value might doubtless be given in reply to a question stating the nature and amount of such services hypothetically. But to render such evidence competent, there must be testimony in the case tending to show that the services thus stated hypothetically were in fact rendered. In the hypothetical case ptit by counsel for plaintiff' below, the extent or amount of the services supposed to have been rendered by Tod were clearly exaggerated, and unwarranted *552 by any testimony in the case. The defendant below might well object to opinions upon a hypothesis clearly outside of any testimony in the case. And we think his objection should have been sustained. No evidence had been offered in the case, nor was any subsequently offered, tending to show that the ease in which Todd’s services were rendered involved $80,000 or $85,000, or that he had attended two or three days in taking depositions in the case, or that he had been occupied two or three days in arguing a motion, or that he had been attending to the case for a year. The hypothetical ease was to a considerable extent imaginary. The witness Wright estimated the value of the supposed services at $500, and Snow at not less than $300. This testimony was, to say the least, not relevant to the case on trial, and going to the jury with the express sanction of the court, was calculated to mislead them. This tendency was, however, substantially, if not entirely counteracted by the cross-examination, in which, when the amount of Todd’s services was correctly stated, in conformity with the testimony, one of these witnesses stated that he was unable to tell what they were worth, and the other estimated their value at $45 or $50. We would therefore hesitate to reverse the judgment of the courts below on this ground alone.
But counsel for plaintiff below proceeded to ask the witness Wright the following question : “ Erom what you know of the case, what do you think would be a fair amount for Todd’s services ?” An objection to this question was overruled by the court, and the witness answered that he thought about $500 would be a fair compensation. This evidence was objectionable on two grounds. 1. Because it had not been shown, and nowhere appears from the record, that the witness had any personal knowledge whatever even of the character of the case. 2. Because a mere knowledge of the nature or character of the case, without any knowledge of the amount or character of the services rendered by the attorney, would not qualify the witness to give an opinion to the jury as to the value of such services.' *553 The witness was asked to give, and was allowed to give, his opinion of the value of Todd’s services, from his mere knowledge of the case, acquired, it may be, from having heard the trial of it, after Todd’s death, or perhaps from less reliable sources, without knowing whether he had, in fact, rendered any services whatever. Without some knowledge on that subject, an intelligent opinion, entitled to consideration by the jury, could not be formed. The counsel for plaintiff below assumed that the witness had such actual knowledge of the facts of the case as would qualify him to give an opinion as to the value of the attorney’s services; and without any showing on the subject, the court sustained that assumption, and allowed such opinion, predicated on a wholly unknown basis, to be given as evidence to the jury. In overruling the objection to this question and answer, the court of common pleas clearly erred. And as this error was calculated to prejudice the plaintiff in error, by inducing the verdict and judgment of which he complains, we think the district court erred in affirming that judgment.
Several other errors have been assigned in the case which we do not find it necessary to consider.
The judgments of the district and common pleas courts will be reversed, and the cause be remanded to the court of common pleas.

Judgment accordingly.

Wright and Ashburn, JJ., did not sit in the case.